UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

    Petitioner,

v.

LILLIAN POWERS KAIDA, SHERIFF JOE NOLE, TRACY LAKE,

    Respondent.

CASE NO. 3:19-CV-6023-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this action to United States Magistrate Judge David W. Christel. On October 10, 2019, Petitioner Brian Judah Michalek, a pre-trial detainee housed at Jefferson County Jail, filed a proposed federal habeas Petition pursuant to 28 U.S.C. § 2241. Dkt. 1.[1] The Court has now reviewed the Petition and finds the Petition improperly challenges

---

[1] Petitioner filed the proposed Petition in a separate case. *See* Case No. 3:19-CV-5605-RJB-TLF. On October 28, 2019, the Honorable Theresa L. Fricke directed the Clerk of Court to file the proposed Petition under a new case number. *See* Dkt. 1-1. The Clerk of Court directed Petitioner to file an application to proceed *in forma pauperis*. Dkt. 2. The Clerk of Court also directed Petitioner to file a certified copy of his prison trust account statement. *See* Dkt. 5. Petitioner has not filed a prison trust account statement, but filed a document showing a $3,455.82 debt that appeared to be signed by an officer of the jail. *See* Dkt. 6. Therefore, the Court has granted Petitioner's Application to Proceed *In Forma Pauperis*. *See* Dkt. 8.

ORDER TO SHOW CAUSE OR AMEND - 1

conditions of confinement and is unexhausted. Further, it is inappropriate for the Court to intervene in this case. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by February 10, 2020.

**I.     Background**

While unclear, Petitioner appears to contend his constitutional rights were violated related to his arrest and pending state criminal proceedings. Dkt. 9. He requests immediate release from custody.

**II.    Discussion**

A.  Conditions of Confinement

In the Petition, Petitioner details his arrests and current incarceration. Dkt. 9. Petitioner appears to allege the police used excessive force. Petitioner does not clearly state the relief he is seeking or challenge the constitutionality of his physical confinement.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Plaintiff filed a habeas petition under § 2241, wherein he challenges the conditions of his arrests and confinement. Petitioner cannot challenge the conditions of his arrest or confinement in a § 2241 petition. Therefore, any challenges to the conditions of his arrests and confinement cannot proceed in this lawsuit. Accordingly, Petitioner must show cause why claims challenging the conditions of his arrests and confinement shall not be dismissed.

B. Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the courts have held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

C. *Younger* Abstention

Petitioner's case is also inappropriate in federal court under the *Younger* abstention doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state

proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, the Petition, while unclear, would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention may apply to Petitioner's claims, Petitioner must show cause why this case should not be dismissed under *Younger*.

### III. Instructions to Petitioner and the Clerk

If Plaintiff intends to pursue this § 2241 habeas action, he must file response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the Petition and Petition, and not as a supplement. The amended petition shall not contain any challenges to Petitioner's conditions of confinement.

The Court notes the proper respondent is the person who has custody over Petitioner. *See* 28 U.S.C. § 2242. If Petitioner files an amended petition, he must ensure the amended petition names the correct respondent.

If Petitioner fails to adequately address the issues raised herein or file an amended pleading on or before February 10, 2020, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.

Dated this 9th day of January, 2020.

David W. Christel
United States Magistrate Judge