UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN JUDAH MICHALEK,

     Petitioner,

 v.

LILLIAN POWERS KAIDA, SHERIFF JOE NOLE, TRACY LAKE,

     Respondents.

CASE NO. 3:19-CV-6023-BHS-DWC

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AS MOOT

  This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 13, and Petitioner's objections to the R&R, Dkt. 16.

  Petitioner initiated this matter on October 9, 2019 by filing a proposed petition for habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1-1.[1] On January 9, 2010, after screening the petition, Judge Christel issued an order declining to serve the petition because it was defective; however, the order provided Petitioner an opportunity to file an

---

[1] Petitioner originally improperly filed his petition in an existing 28 U.S.C. § 1983 matter, *Michalek v. Nole*, 3:19-cv-05605-RJB-TLF. At Magistrate Judge Theresa L. Fricke's direction, the petition was opened as a new matter.

ORDER - 1

1 amended petition or to show cause why this case should not be dismissed.  Dkt. 11.
2 Judge Christel set a deadline of February 10, 2020 for Petitioner's response and warned
3 that failure to respond by that date would result in his recommending dismissal of this
4 action.  *Id*.  Petitioner failed to respond.  On February 28, 2020 Judge Christel issued the
5 R&R, recommending that this case be dismissed due to Petitioner's failure to prosecute
6 his case.  *Id*.  On March 9, 2020, Petitioner brought a motion seeking a 120-day extension
7 of time and appointment of counsel.  Dkt. 14.  On March 25, 2020, Petitioner filed an
8 additional document, also seeking the appointment of counsel, which this Court will
9 construe as objections to the R&R.  Dkt. 16.

10       The district judge must determine de novo any part of the magistrate judge's
11 disposition that has been properly objected to. The district judge may accept, reject, or
12 modify the recommended disposition; receive further evidence; or return the matter to the
13 magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

14       Petitioner has responded to the R&R with a request for a 120-day extension and
15 appointment of counsel.  Dkts. 14, 16.  The Court construes this as a request for
16 additional time in which to correct the deficiencies in his petition.  In light of Petitioner's
17 request, it can no longer be said that he has failed to prosecute this matter.  Therefore, the
18 Court will decline to adopt R&R as moot.  Petitioner is granted an extension of time in
19 which to file an amended petition.  However, Petitioner's request for 120 days is
20 excessive; the Court grants Petitioner 60 days, until June 23, 2020, to file an amended
21 petition.

22

Petitioner also requests the appointment of counsel. Dkts. 14, 16. There is no constitutional right to appointment of counsel in habeas petitions. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991).[2] In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, the Court is unable to assess the appropriateness of appointing counsel because Petitioner has not yet filed a legally sufficient petition from which the Court could determine whether he is likely to succeed on the merits or whether complex legal issues are involved. Therefore, the Court **DENIES** Petitioner's motion for counsel without prejudice.

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **DECLINED as moot**;

(2) Petitioner's motion for an extension, Dkt. 14, is **GRANTED in part**;
Petitioner may file an amended petition no later than June 23, 2020;

(3) Petitioner's motions for appointment of counsel, Dkts. 14 and 16, are **DENIED** without prejudice; and

---

[2] Appointment of counsel is required if an evidentiary hearing is necessary. Rules Governing Section 2254 Cases in the United States District Courts 8(c). However, it is premature to make that determination at this stage of the proceedings, where Petitioner has not yet filed a legally sufficient petition.

ORDER - 3

1    (4)  This matter is re-referred to Judge Christel for further proceedings.

2    Dated this 27th day of April, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge