UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN JUDAH MICHALEK,<br><br>Petitioner,<br><br>v.<br><br>DAVID FORTINO,<br><br>Respondent. | CASE NO. 3:19-CV-6023-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 18, 2020 |

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Brian Judah Michalek, proceeding *pro se* and *in forma pauperis*, initiated this habeas action on October 9, 2019. *See* Dkt. 1. Petitioner has not kept the Court advised of his current address. Petitioner has also been released from custody and has failed to properly exhaust his state court remedies. Therefore, the Court recommends this action be dismissed and a certificate of appealability not be issued.

**I.    Background**

A.  State Court Convictions and Judgments

Petitioner is challenging his August 13, 2019 Jefferson County Superior Court convictions and sentences. *See* Dkt. 22; *see also* Dkt. 36-1, p. 5. Petitioner pleaded guilty to fourth degree assault and a violation of a no contact/protection order. Dkt. 36-1, pp. 5, 9-18. Petitioner was sentenced to 364 days in jail with 187 days suspended, 177 days credit for time

served, and 24 months of probation on the fourth degree assault conviction. *See id*. at pp. 5-7. Petitioner was sentenced to 364 days in jail with 165 days suspended, 199 days credit for time served, and 24 months of probation on the violation of a no contact/protection order conviction. *See id.* at pp. 18-20. On September 29, 2019, Petitioner's judgment and sentence in a separate criminal case was modified. Dkt. 36-1, pp. 31-32. Petitioner's suspended sentence in that case was revoked and Petitioner was sentenced to serve 226 days confinement consecutive to his sentences in the fourth degree assault and violation of a no contact/protection order cases. *Id*. There is no evidence Petitioner challenged his Jefferson County Superior Court convictions and sentences on direct appeal or in a state collateral attack. *See* Dkt. 36; 36-1.

B. Federal Petition

On October 9, 2019, Petitioner initiated this action. Dkt. 1. The Court directed Petitioner to show cause why the case should not be dismissed or file an amended pleading on or before February 10, 2020. Dkt. 11. Petitioner did not respond to the Court's Order and on February 28, 2020, the undersigned recommended this case be dismissed for failure to prosecute. Dkt. 13. Petitioner filed an objection to the Report and Recommendation and, on April 27, 2020, the Honorable Benjamin H. Settle, the District Judge assigned to this case, declined to adopt the Report and Recommendation as moot. Dkt. 16, 17.

Judge Settle provided Petitioner with an extension of time to file an amended petition. Dkt. 17. On May 28, 2020, Petitioner filed an Amended Petition. Dkt. 18. The Court again directed Petitioner to cure the deficiencies of his Amended Petition. Dkt. 20. On July 7, 2020, Petitioner filed the Second Amended Petition raising one ground for relief: he is being denied his good-time credits. Dkt. 22. The Court directed service of the Second Amended Petition on August 3, 2020. Dkt. 23.

1    On September 8, 2020, the Clerk of Court mailed an Order Denying Motion for
2  Extension of Time to Petitioner. *See* Dkt. 32. The Clerk of Court also mailed a Notice of
3  Electronic Filing on September 10, 2020. *See* Docket. The Order and the Notice were returned as
4  undeliverable on September 21, 2020. Dkt. 33, 34. On September 23, 2020, the Court advised
5  Petitioner that if he failed to notify the Court of his current address by November 20, 2020, the
6  undersigned would recommend dismissal of this action pursuant to Local Civil Rule 41(b)(2).
7  Dkt. 37. The September 23, 2020 Order was also returned to the Court as undeliverable. Dkt. 38-
8  40.
9    Respondent filed an Answer and Memorandum of Authorities on September 22, 2020.
10 Dkt. 36. In the Answer, Respondent asserts this case is moot and Petitioner failed to exhaust the
11 sole ground raised in the Second Amended Petition. *Id*. Respondent requests the Second
12 Amended Petition be dismissed. *Id*. Petitioner did not respond to the Answer.
13 **II.    Discussion**
14     A.  Failure to Update Address
15    Under Western District of Washington Local Civil Rule 41(b)(2), a party proceeding *pro*
16 *se* shall keep the Court and opposing parties advised as to his or her current mailing address. If
17 mail directed to a *pro se* party by the Clerk is returned by the Postal Service, and if such party
18 fails to notify the Court and opposing parties within 60 days thereafter of his or her current
19 mailing address, the Court may dismiss the action without prejudice for failure to prosecute.
20 Petitioner has not keep the Court advised as to his current mailing address or responded the
21 Court's Order directing him to do so. In fact, Petitioner has not filed a pleading with the Court
22 since August 31, 2020. *See* Dkt. 30-31.  Accordingly, pursuant to Local Civil Rule 41(b)(2), the
23 Court recommends dismissal of this action.
24

B. Mootness

Respondent argues the Second Amended Petition became moot when Petitioner was released from custody. Dkt. 36. In the Second Amended Petition, Petitioner challenges his release date, stating he did not receive good-time credits. Dkt. 22. When a petitioner does not challenge the validity of his conviction, but only seeks an earlier release date, the petition becomes moot when the petitioner is released from custody. *Fendler v. U.S. Bureau of Prisons,* 846 F.2d 550, 555 (9th Cir. 1988) (finding that release of petitioner on parole mooted his petition seeking earlier an release date on the grounds that Parole Commission had improperly delayed his release date); *see also Picron–Peron v. Rison,* 930 F.2d 773, 775–76 (9th Cir. 1991) (finding petition seeking release from confinement by I.N.S. mooted by petitioner's release from custody). Here, the only relief Petitioner seeks is release from custody. Dkt. 22. On September 9, 2020, Petitioner notified the Court he had been released from custody. Dkt. 30. As Petitioner has been released from custody, there is no additional relief requested in the Second Amended Petition. Therefore, the Second Amended Petition is moot.

The Court notes that Petitioner states he is not guilty of the crimes of which he was convicted and sentenced. *See* Dkt. 22, pp. 13-14. It is, therefore, possible Petitioner is attempting to seek relief beyond release from custody, such as an order vacating his convictions. Thus, the Court will consider Respondent's assertion that the ground for relief raised in the Second Amended Petition is unexhausted.

C. Exhaustion

Respondent maintains Petitioner failed to exhaust the sole ground raised in the Second Amended Petition. Dkt. 36.

i. *Exhaustion*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). Petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts entitling Petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay*, 403 F.3d at 668. Petitioner bears the burden of proving he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

In the Second Amended Petition, Petitioner asserts he is being held past his release date because he was not given good-time credits. Dkt. 22. He requests immediate release. *Id.* There is

no evidence Petitioner filed a direct appeal or filed a personal restraint petition ("PRP") in state court. As Petitioner did not raise the sole ground alleged in the Second Amended Petition to the state courts on direct appeal or in a PRP, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. Accordingly, the Second Amended Petition is unexhausted.

        *ii.    Available State Court Remedies*

Respondent maintains the Second Amended Petition should be dismissed with prejudice as procedurally defaulted. Dkt. 36. However, if there is a state remedy available, a petition is not procedurally defaulted and the petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Here, Petitioner has an available state remedy. Washington State imposes a one-year statute of limitations on the filing of a PRP or other post-conviction challenge. RCW § 10.73.090. Petitioner's judgment and sentences became final, at the earliest, on August 13, 2019. *See* Dkt. 36-1, pp. 5, 9 (judgments and sentences entered August 13, 2019); RCW § 10.73.090 (for purposes of filing a PRP, the judgment becomes final, in relevant part, on the date it is filed with clerk of the trial court). Thus, at the time Petitioner filed this action on October 9, 2019, he had approximately ten months remaining to seek post-conviction relief with the state courts. As Petitioner had state court remedies available to him when he initiated this action, his claim is not procedurally barred.

REPORT AND RECOMMENDATION - 6

      iii.    *Conclusion*

Petitioner failed to properly exhaust his state remedies and state remedies remained available to him when he initiated this action. Accordingly, the undersigned recommends the Second Amended Petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

### III.    Evidentiary Hearing

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claim may be resolved on the existing state court record.

### IV.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

1  could conclude the issues presented are adequate to deserve encouragement to proceed further."

2  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

3  (2000)).

4      No jurist of reason could disagree with this Court's evaluation of Petitioner's claim or

5  would conclude the issues presented in the Second Amended Petition should proceed further.

6  Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect

7  to the Second Amended Petition.

8  **V.  Conclusion**

9      The Court finds Petitioner has failed to prosecute this case. Additionally, Petitioner has

10 been granted the relief requested in the Second Amended Petition and the Second Amended

11 Petition is unexhausted. Therefore, the Court recommends this case be dismissed. No evidentiary

12 hearing is necessary and a certificate of appealability should be denied. As the Court concludes

13 Petitioner is not entitled to a certificate of appealability, the Court finds *in forma pauperis* status is

14 not warranted on appeal.

15     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

17 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

18 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

19 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

20 December 18, 2020, as noted in the caption.

21     Dated this 30th day of November, 2020.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge